STATE EX REL. INTERNATIONAL UNION, UNITED
AUTOMOBILE, AIRCRAFT AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA, UAW-CIO,
LOCAL 1174, AND OTHERS v.
KARL FINKELNBURG AND CRENLO, INC.[1]

April 10, 1952.

No. 35,815.

*Francis X. Helgesen,* for relators.

*Albert H. Clemens* and *Herbert P. Lefler,* for respondent Crenlo,
Inc.

KNUTSON, JUSTICE.

Respondent Crenlo, Inc., is a Minnesota corporation, having its
principal office and place of business in the city of Rochester, Minne-
sota, engaged in the business of manufacturing tractor cabs. As

---

[1]Reported in 53 N. W. (2d) 128.

the result of a breakdown in negotiations for a collective bargaining agreement, relator union and its officers, on or about February 19, 1952, filed with the Minnesota labor conciliator a notice of intention to strike. Conferences were thereafter held under the provisions of our statute before the state labor conciliator or his representatives, but no agreement was reached. On or about March 5, 1952, a strike was called. Thereafter, Crenlo, Inc., commenced an action in the district court seeking temporary and permanent injunctive relief prohibiting the strike on the ground that it had not been approved by a majority vote of the employes of the bargaining unit involved, as required by M. S. A. 179.11(8). The complaint does not allege that the company is engaged in interstate commerce. Concurrently with the commencement of the action, the trial court, ex parte, issued a temporary restraining order, pending a hearing for a temporary injunction, under which the union, its officers, agents, or representatives, and the employes of the company and members of the union were restrained—

"a. from cooperating in, engaging in, promoting or inducing a strike between plaintiff's factory employees and said plaintiff at plaintiff's factory in Rochester, Minnesota;

"b. from picketing or bannering said plaintiff's factory in furtherance of said strike."

On petition of relators, this court issued its alternative writ of prohibition restraining the enforcement of such order. In its return to the alternative writ the trial court states:

"4. That the respondent has not been furnished with a transcript of the court reporter's notes; but has been informed by said reporter that there is nothing therein relating to the alleged interstate scope of the business of Crenlo, Inc., nor as to any relation of such business to any trade, traffic and commerce among the several states.

"5. That the question of the alleged jurisdiction of the National Labor Relations Board did not arise upon said ex parte hearing,

and was not considered by respondent in issuing the order to show cause and the restraining order designated in said writ."

It is now conceded by all parties that Crenlo, Inc., is engaged in interstate commerce and also that relator union has been certified as the bargaining representative of the employes of Crenlo, Inc., by the National Labor Relations Board. The question before us, then, is whether our statute (M. S. A. 179.11) is effective to restrict the right of employes of an employer so engaged in interstate commerce from instituting a strike.

Section 179.11, so far as here material, reads:

"It shall be an unfair labor practice:

\* \* \* \* \*

"(8) Unless the strike has been approved by a majority vote of the voting employees in a collective bargaining unit of the employees of an employer or association of employers against whom such strike is primarily directed, for any person or labor organization to cooperate in engaging in, promoting or inducing a strike. Such vote shall be taken by secret ballot at an election called by the collective bargaining agent for the unit, and reasonable notice shall be given to all employees in the collective bargaining unit of the time and place of election.

\* \* \* \* \*

"(10) The violation of clauses \* \* \* (8) \* \* \* of this section are hereby declared to be unlawful acts."

The restraining order was based on an assertion by the company that the strike had not been approved by a majority vote, as required by our statute. The order was properly issued on the complaint submitted to the trial court, which complaint fails to show that the employer involved is engaged in interstate commerce. However, in view of the concessions now made, we must determine the jurisdictional question on the basis of the facts we now have before us. It would have been better practice under these circumstances for relators to go to the trial court and, on a showing of the true facts,

seek appropriate relief there by procuring a vacation of the ex parte order so issued.

We recently had occasion to consider the validity of M. S. A. 179.06, requiring a notice of intention to strike as a prerequisite to the right to institute such strike, in cases involving employers engaged in interstate commerce. Faribault Daily News, Inc. v. International Typographical Union, 236 Minn. 303, 53 N. W. (2d) 36. What we there said is controlling here.

In International Union v. O'Brien, 339 U. S. 454, 70 S. Ct. 781, 94 L. ed. 978, the United States Supreme Court struck down a provision of a Michigan statute quite similar to our statute now under consideration when applied to employes of those engaged in interstate commerce. With respect to the provision of the Michigan statute requiring majority authorization of employes, the court said (339 U. S. 458, 70 S. Ct. 783, 94 L. ed. 983) :

"* * * The federal Act * * * permits strikes at a different and usually earlier time than the Michigan law; and it does not require majority authorization for any strike. This requirement of approval by a majority of the employees was contained in the Bill which passed the House of Representatives; but the Act as finally adopted deliberately refrains from imposing the prerequisite of majority approval in each of its references to strike votes. §§ 203(c), 209(b)-210."

Under those decisions, it seems clear to us that the court lacked jurisdiction to issue the restraining order here involved on the basis of the facts now before us, and the writ should be and is made absolute.

Inasmuch as we feel that relators should have sought relief in the trial court before coming here, no costs or disbursements are allowed to either party. See, Nemo v. Hotel & Restaurant Employees' Local No. 556, 227 Minn. 263, 272, 35 N. W. (2d) 337, 811; M. S. A. 587.05.

The alternative writ of prohibition is made absolute.